Srimad-Bhagavatam 2.1.1 Mr. Zada, would you like some time for rebuttal? If I may, Your Honor, three minutes. Three minutes, okay, very good. If the government is ready, you may proceed. Good morning, Your Honors, and may it please the Court. We would not be here today, the Petitioner wouldn't, if some four years ago CIS had not rejected his application for adjustment of status. In doing so, CIS asserted that it lacked jurisdiction, and that jurisdiction lied with Immigration Court. Petitioner ---- Your whole case, I gather, Mr. Zada, depends on whether the administrative order of deportation was final for purposes of the regulation. Is that correct? Your Petitioner's position is that in these cases, 1208.17, deferral, either the order is not a final administrative order within the meaning of Section 101A47Bi of the Act, or if it is a final order, then the time restrictions do not apply. Why is that? I understand your point about the first issue, but if it is a final order, why don't the time limitations apply? You've got 90 days normally under 1003.23B1, and you're saying that that doesn't apply even if this is a final order? Yes, Your Honor. It simply cannot apply because the order is subject to further review and subject by the regulations itself to further reopening. Do you have any case law for that? None, Your Honor. So you're asking us to create some. In effect, yes, Your Honor. In effect, you are, aren't you, asking us to do that? Your Honor, if this matter is not reviewed and decided, I think we're faced with a sea of absurdities, because the position that Petitioners are looking for is that it's not a final order. I'm not the first person to argue that the law can be absurd. Nor the last, Your Honor. The position of Respondents in this case is that we have the right to reopen, but only for the restricted purpose of having somebody removed. In other words – But that's what the statute says. That's the only exception, the only remedy provided by the statute. Indeed. But the bigger picture is the matter, then, completely closed and time limitations apply to it or don't they? The question here is that why should time limitations only apply when there is a negative consequence to the Petitioner or to the alien? In other words – Because that's what Congress said, right? I'm sorry, Your Honor. Because that's what Congress said. That's the way the statute reads. I'm not sure that's Congress's view, Your Honor. I think these are the regulations. And therein lies a situation where the executive is making regulations. The intent of Congress really is to have the law uniform and consistent with the country's international obligations. Let's go back, then, following Judge Larson's line of thought here. You don't like the regulations. Let's try the statute. I'm looking at 8 U.S.C. 1101A47, and it says, An order of deportation means, and I'm not quoting, of such administrative officer to whom the Attorney General has delegated the responsibility for determining whether the alien is deportable, concluding that the alien is deportable or ordering deportation. That's when it's final. And that's a congressional statute. Are you suggesting that Congress, the will of Congress in this area over which it has so much, indeed, complete authority, that you want an Article III court to say, in effect, you know, you really mean, you can't possibly mean that we're going to rewrite this statute and we're going to say that you can't do that? No, Your Honor. The thrust of our argument and the strength of our position relies in the second option. That is the main part or what? The time limitations do not apply to this particular form of relief, if it can be called a kind of relief. Because it is, first of all, I think this can be seen in other regulations dealing with issues of political asylum and refoulement, returning people to a country where they were. But, again, that's Congress determined that that's what it wanted to do in that area. It has made a contrary decision in this area, hasn't it? Your Honor, I'm again referring to regulations. I'm referring to the regulations. Are you suggesting that Congress has no ability to delegate to the Attorney General and his and the agencies involved here, in this case the Department of Homeland Security, the ability to promulgate regulations interpreting the statute? Not in the least, Your Honor. Okay. So if the regulations are good, then what's wrong with this issue? What's wrong with this issue is that this particular regulation is bad. But you're suggesting that simply because a regulator gives some relief that he must give additional relief. And I don't see how one requires the other. Simply because one legislative or regulatory grace is afforded, why must an additional one be afforded? Your Honor, I'm not even arguing the availability of relief. I'm simply arguing the logic of whether a case is closed and whether time limitations apply to reopening it. I guess I don't see how this is even close. There's no question that an order was made on January 31, 2000. Yes. The time to appeal that order elapsed without it being appealed. Yes. The statute and the regulation is clear in terms of governing relief. What is close about this? If I may, I'll address your concern in the following way. Any recipient in petitioner's position can apply immediately to any immigration court by simply stating that my options at present are to leave the country in order to get adjusted overseas and return with a green card. Therefore, I'm considering foregoing the deferral I have under CAT. And that would allow the alien to go back to court. So, in essence, the matter would be reopened. What we are critical of is that it's not the fact that the administrative do not allow reopening. They do allow reopening, but somehow the reopening only concerns negative consequences to the aliens. And we would submit that either the matter is open, in which case it's open for good as well as bad things, or that it is not open, in which case these regulations are superfluous. You can simply, when you decide, take a recipient of deferral and put him on the bus or the plane and ship him out. That's our position, Your Honor. Why don't you hold that thought? We'll give you two minutes and rebuttal when your time comes again. We'll hear now from the government. Pardon me, I thought I had a case in between. Again, good morning, Your Honors. May it please the Court, lease us mercy of the Office of Immigration Litigation for the respondent. In the case before the Court today, the petitioner seeks judicial review of a final order issued by the Board of Immigration Appeals on October 24, 2006, upholding the immigration judge's denial of the petitioner's untimely motion to reopen. This case presents two issues. Whether this Court lacks jurisdiction with the petition for review under Section 242A2C of the INA, where the record demonstrates that his conviction for use or under the influence of cocaine subjects him to deportability under former Section 241A2EI. I suppose the question of whether or not a motion to reopen is timely, is that a question of law? Or whether one can be made under these circumstances, is that a question of law? I'm talking about the jurisdictional. Well, to the extent that our position is that it's not a colorable question of law, we believe that the regulations statute here are perfectly clear. But to the extent that even if the Court has jurisdiction. It's a statement of law to say that the regulation is perfectly clear and he can't do it. We probably have jurisdiction to go that far, don't we? Well, if one did find it was a colorable question of law, our position would be that the Court does have jurisdiction over it as a question of law. Because it's really part of our jurisdiction to decide whether we have jurisdiction, I guess, is to decide whether this is a question of law. So second of all, even assuming that jurisdiction exists, whether the Board properly exercised its broad discretion in upholding the denial of his motion to reopen, where he filed his motion to reopen nearly 6 years after the immigration judge issued the final administrative deportation order, and he failed to show he qualifies for an exception to that filing deadline. Pursuant to 8 CFR 1003.23B1, motions to reopen for an immigration judge must be filed within 90 days of the final administrative order of deportation. Ali Amin submitted a timely motion to reopen given that he filed it nearly 6 years after the final administrative order. The regulation 8 CFR 1208.17E does not exempt him from the time restriction. It only provides for the calendaring of a hearing for the sole purpose of confirming that an alien's request to terminate the deferral order is knowingly and voluntarily made so that the alien may be removed. He has not established he is qualified for an exemption to the time restrictions under 8 CFR 1003.23B1, and he certainly has not shown that the Board's decision to uphold the denial of his untimely motion to reopen was arbitrary, irrational, or contrary to law. Therefore, the petition should be alternatively denied. Kennedy? I have a question. I've heard of his argument as well. It would normally be a final order of deportation, but it's been deferred. I'm sorry. I misspoke. But removal has been deferred. They ordered me removed but removal has been deferred. And that, in one of his arguments, is that makes it nonfinal, I guess. Well, I think that's contrary to specifically what the immigration judge's order states and also what the convention of torture is meant to do. The immigration judge's January 31, 2000 order clearly notes that he was ordered removed from the United States to Iran and noting only that his deportation is deferred under the convention against torture. So there's certainly a final order of removal here. If I would refer your honors to 8 U.S.C. 1101-847, the term order of deportation essentially means the conclusion that an alien is deportable or ordered into deportation. But it also includes any findings towards eligibility of relief. To the extent that here he was granted relief, I'm sorry, not relief, deferral of removal, that doesn't change the fact he was ordered removed. And as Petitioner acknowledges, it's a temporary grant. In part of his argument, your opponent said, well, he could reopen to waive his right of deferral under CAT. I think that's clear. I mean, the regulations certainly permit that. And then leave the country and then apply for admission because of this relative visa petition and so on. Could he really do that? To the extent that he could possibly attempt to do that, it certainly be an option. But to the effect that he certainly is a criminal and there would probably have to be a waiver, I wouldn't be able to speculate as to how the process would proceed. But if that was really easy to do, you'd wonder why it's worth fighting. But if he waived his deferral, then he's removed under the removal order. Under the final order of removal. Well, it's probably, what, a 5 or 10-year bar. In terms of his, I believe he was an aggravated felon. I'm actually not sure what types of. Inadmissible, maybe. Without a waiver. He would be inadmissible. And I'm not sure what types of waivers he would be eligible for. What is his actual status? Is he confined at this point? Is he out? Or is he? I would have to refer that question to Petitioner's counsel. I believe from the record he served his time already. So he. But I mean the immigration authorities have not detained him. Again, I would have to refer to Petitioner's counsel. I'm not aware that he is. But I would have to refer to Petitioner's counsel for that. Okay. But in conclusion, under the circumstances, Ali Amin has not shown that the agency's denial of his motion to reopen was arbitrary, rational, or contrary to law. The board, therefore, properly exercised its discretion denying Ali Amin's untimely motion to reopen. Thank you. Thank you very much. We have, we'll give you two minutes in rebuttal, please. Let's change the time there, if you will. Okay. Let me. Go ahead. May I? Please. Let me begin by addressing the question of time again. HCFR 1208.17D, as in David, and E. And I just quote the first sentence. At any time while deferral of removal is in effect, this is clear language that the matter can be reopened way after the 30 or the 90 days limits. And this is in the regulations itself. But do you agree that if somebody doesn't move to reopen it, it is final? I'm not sure I understand the court's position. Okay. The order that was given here, let's just say that you didn't exist, no attorney was involved, nobody did anything. Would there be any question that the order in this case would have been final long before this point? Your Honor, I don't mean to split hairs here, but I guess there are two kinds of finality to this order. One is the determination of the I.J., and the second is the removal, the physical removal. I understand that. And as far as the physical removal is concerned, the way the regulation, regulatory scheme is set out, the answer to your question would be no. If they wanted to physically remove him, they would still have to drag him in front of an immigration judge before they physically removed him. And that's the whole point of HCFR 1208.17. When you say it can be reopened at any time, that's true, but the answer is what can be reopened? It's just the deferral order. That, Your Honor, is what we are putting on the court's plate. And our position is that the government, by stating that it can only be reopened for the restrictive purpose of having him removed, simply serves no rational purpose. If judicial economy and justice requires that matters be settled, the fact that someone can obtain a green card and finally close his case should be given some consideration rather than the whole thrust of the regulatory scheme being on the fact of giving him the rough consequences. Very good. Thank you very much for your presentation. For both of you, the case of Alali Amin v. Mukasey is submitted.
judges: Canby, Smith, Larson